**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| EH NATIONAL BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-cv-00083-M |
| | § | |
| CUONG TRAN, Attorney at Law, and | § | |
| COLVEN, TRAN & MEREDITH, P.C., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Leave to Designate Responsible Third Parties

[Docket Entry #27].  For the reasons set forth below, the Court **GRANTS** the Motion.

## I.    BACKGROUND

Plaintiff EH National Bank is a California citizen with offices in Beverly Hills and Costa

Mesa, California.  Defendants are Cuong Tran, an attorney licensed to practice law in Texas, and

Colven, Tran & Meredith, P.C., a law firm  in Texas.  Plaintiff's Complaint contains the

following allegations.[1]  In 2009, Plaintiff approved Blue Vault, LLC, a Wyoming limited

liability company, for a $4,000,000 loan to purchase parcels of land in Montana.  The loan was a

United States Department of Agriculture ("USDA") insured loan, conditioned, in part, on Blue

Vault making a $750,000 down payment to the seller, TJS Investment Properties ("TJS").  Erika

Rae Brown was one of Blue Vault's agents working on the transaction.

Plaintiff retained Defendants as counsel to prepare and review documents governing the

---

[1] The Court's recitation of the background facts is based on the allegations in the Complaint and Jury Demand
filed by Plaintiff in Montana state court before removal.  *See* Complaint and Jury Demand [Docket Entry #6].

1

loan obligations and closing.  Prior to the closing, and pursuant to the conditions of the loan agreement, Blue Vault sent Defendants an email image of a $750,000 down payment check, payable to TJS.  Defendants subsequently delivered closing instructions to the title company, sent the title company email confirmation of the loan, and certified Blue Vault's down payment check, in the amount of $750,000.  Thereafter, the loan defaulted, and Plaintiff discovered that the check was fraudulent, and that the down payment had never been made.  In 2015, Erika Rae Brown was convicted of money laundering in connection with the transaction, and received a sentence of fifty-six months in prison.

On November 16, 2015, Plaintiff filed this action in Montana state court, alleging that Defendants' failure to independently verify that the down payment check was valid constituted a breach of the standard of professional care.  Plaintiff seeks damages for alleged losses resulting from the default on the loan, as well as attorney's fees and costs.

Defendants removed this action to the United States District Court for the District of Montana, asserting jurisdiction under 28 U.S.C. § 1332(a), but subsequently filed a Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The Montana district court granted the motion.  *See* Order at 7-10 [Docket Entry #11].  Rather than dismiss the lawsuit for want of jurisdiction, however, the district court transferred the lawsuit to this Court pursuant to 28 U.S.C. § 1631, stating that the "interests of justice support transfer, as opposed to dismissal[.]" Order 10 [Docket Entry #11].

Defendants now move under Section 33.004 of the Texas Civil Practice and Remedies Code ("CPRC") for leave to designate Erika Rae Brown and TJS as responsible third parties, contending that "Ms. Brown and TJS are responsible for all or, in the alternative, a proportionate

part of the damages claimed by Plaintiff." Defs.' Mot. ¶ 13 [Docket Entry #27]. Defendants

further assert that "Ms. Brown and TJS were the parties that forged the check and/or

misrepresented to Plaintiff and the Defendants that the check did indeed evidence the required

cash injection." *Id.* ¶ 14. As an exhibit to their Motion, Defendants have attached a copy of a

complaint filed by Plaintiff against Erika Rae Brown and TJS in the Superior Court of the State

of California. *See* Ex. B to Defs.' Mot. ("California Complaint"). In the California Complaint,

Plaintiff alleges that Brown and TJS had a side loan agreement resulting in the fraudulent check

and loan default, and sues TJS and Brown for fraud and misrepresentation.

In response, Plaintiff contends that the motion to designate Brown and TJS as responsible

third parties should be denied because: (1) "the motion has the effect of joining third parties to

the suit after the deadline for joinder"; (2) "issues related to joint and several liability are

controlled by Montana law, not Texas law"; (3) "the original Loan Agreement Defendants

prepared and approved and upon which the entire transaction took place, selects Montana law as

the controlling law for the transaction"; and (4) "as the transferee District Court, this Court

should apply the substantive law of Montana for choice of law." Pl.'s Resp. 3 [Docket Entry

#28].

## II.     LEGAL STANDARD

Chapter 33 of the CPRC applies to all common law and statutory torts that do not have a

separate and conflicting fault-allocation scheme. Tex. Civ. Prac. & Rem. Code § 33.002; *JCW*

*Elec., Inc. v. Garza,* 257 S.W.3d 701, 704–07 (Tex.2008). "The statute applies to federal

diversity cases under the Erie Doctrine, as it is state substantive law that does not conflict with

Rule 14 of the Federal Rules of Civil Procedure, the closest federal procedural counterpart."

*Hernandez v. Bumbo (Pty.) Ltd.*, 2014 WL 924238, at *1 (N.D. Tex. Mar. 10, 2014) (Lynn, J.) (and cases cited therein); *see also Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014) (holding that designation of a responsible third party under § 33.004(a) does not conflict with Federal Rule of Civil Procedure 14 governing third-party practice).

Chapter 33 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Tex. Civ. Prac. & Rem. Code § 33.004(a). Under Chapter 33, a defendant may liberally designate responsible third parties, including parties not subject to the court's jurisdiction, unknown parties, and parties immune from suit. *Id.* § 33.004(j); *In re Unitec Elevator Servs. Co.,* 178 S.W.3d 53, 58 n. 5 (Tex.App.—Houston [1st Dist.] 2005, no pet.). If the court provides leave to designate a responsible third party, and there is evidence sufficient to submit a jury question regarding the party's conduct, the trier of fact determines the percentage of responsibility "by any combination" of claimants, defendants, settling persons, and designated responsible third parties. Tex. Civ. Prac. & Rem. Code § 33.003; *Dhaliwal v. Vanguard Pharm. Mach., Inc.,* 2010 WL 231755, at *1 (S.D.Tex. Jan.20, 2010).

## III.   ANALYSIS

There are three primary issues the Court must resolve to rule on Defendants' Motion. First, the Court must decide whether Defendants' Motion is timely. Second, the Court must determine which state's law applies, that of Texas or Montana. Third, if the Court concludes that Texas law applies, the Court must decide whether Defendants have complied with CPRC § 33.004(a) in seeking to designate Brown and TJS as responsible third parties.

### A. Timeliness of Motion

Plaintiff contends that Defendants' Motion should be denied as untimely. According to Plaintiff, in their joint report to this Court setting forth proposed dates for the scheduling order, the parties suggested May 2, 2016, as the deadline to file motions for joinder of parties, and Defendants did not file their motion until May 16, 2016. On July 1, 2016, after Plaintiff's response to Defendants' Motion was filed, the Court considered the parties' joint report and issued its Scheduling Order setting September 9, 2016, as the deadline to file motions requesting joinder of additional parties. *See* Sch. Ord. ¶ 2 [Docket Entry #28]. Under the deadlines set out in the Scheduling Order, the Court concludes that Defendants' Motion is timely.[2]

### B. Choice-of-Law Analysis

The parties disagree about the correct law to apply to this action. Defendants argue that Texas law applies, and seek to designate responsible third parties under Texas Civil Practice and Remedies Code § 33.004. Plaintiff argues that Montana law applies, and that Defendants' Motion should therefore be denied. For the reasons that follow, the Court concludes that under applicable choice-of-law principles, Texas law applies.

In conducting a choice-of-law analysis, the court first determines whether the applicable laws from the two potentially interested jurisdictions differ. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984). If no conflict exists, the court need not conduct a choice-of-law analysis. *See Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002).

---

[2] Alternatively, even were the Court to apply the deadlines in Chapter 33, Defendants' Motion is still timely. Under Chapter 33 of the CPRC, a motion for leave to designate a person as a responsible third party must be filed on or before the 60th day before the trial date unless the Court finds good cause to allow the motion to be filed at a later date. Tex. Civ. Prac. & Rem. Code § 33.004(a). This case is set for trial on the Court's docket beginning July 5, 2017. *See* Sch. Ord. ¶ 1. Defendants' Motion, filed May 18, 2016, is therefore timely under Chapter 33.

Plaintiff asserts that there is a difference between Texas and Montana law regarding proportionate responsibility, and Defendants do not challenge this assertion.  Under Texas law, a defendant is entitled to "designate" any other parties who may be liable for the claimant's injury, and the trier of fact can apportion any damages among the various designated parties and thereby reduce the party defendant's damages exposure.  *See* Tex. Civ. Prac. & Rem. Code §§ 33.003, 33.004(a).  Because Montana does not have a similar provision, Plaintiff argues, and the Court concludes, that the laws of Montana and Texas differ on this issue.

The Court next must decide whether federal or state choice-of-law rules apply.  "A federal court sitting in diversity follows the choice of law rules of the state in which it sits." *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 258 (5th Cir. 2014); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  This Court will therefore apply Texas choice-of-law rules.

Texas applies the "most significant relationship" test as set forth in sections 6 and 145 of the Restatement (Second) of Conflict of Laws (2010) ("Restatement").  *See Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000); *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 709 F.3d 515, 523-24 (5th Cir. 2013).[3]  Under this test, a court must consider which state's law has the most significant relationship to the particular substantive issue to be resolved. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (citing *Duncan*, 655 S.W.2d at 421).

---

[3] Montana also follows the "most significant relationship" test in making choice-of-law determinations. *Phillips v. General Motors Corp.*, 298 Mont. 438, 442-48, 995 P.2d 1002, 1006-09 (Mont. 2000).

Section 6(2) of the Restatement requires a court, in the absence of a statutory directive of its own state on choice of law, to consider the following general factors relevant to choice of law:

> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

Restatement § 6(2). "[S]election of the applicable law depends on the qualitative nature of the particular contacts[,]" rather than the "number of contacts with a particular state[.]" *Duncan*, 665 S.W.2d at 421.

In applying Section 6, courts next consider the factors listed in Section 145(2), which are:

> (a) the place where the injury occurred;

> (b) the place where conduct causing the injury occurred;

> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

> (d) the place where the relationship, if any, of the parties is centered.

Restatement § 145. "These contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id.* Section 145 of the Restatement lists multiple contacts to consider because "states which are most likely to be interested [in the outcome of a case] are those which have one or more of the contacts with the occurrence and the parties." *Mid-Continent*, 709 F.3d at 523-24 (citing Restatement (Second) of Conflicts § 145 cmt. (e)).

In this case, the relevant contacts require application of Texas law. Plaintiff is a California citizen. Defendants are a Texas attorney and law firm, with a principal place of

business in Texas.  Other than electronic communication on one loan transaction involving real

property in Montana, Defendants have not directed any other activity to Montana.  In its transfer

order, the district court in Montana summarized Texas's substantial interest in this professional

negligence lawsuit, and the minimal nature of Montana's interest:

> [Plaintiff's] allegation primarily rests on actions and omissions that took
> place in Texas. While Montana has an interest in regulating the practice of law
> within its borders, Texas, where [Defendants are] licensed, does as well.
> Montana does not have a prevailing interest in adjudicating this case as it does not
> appear the outcome of this litigation will have any effect on real property located
> in the state nor a Montana resident.  It also appears that EH Bank does not have a
> unique interest in prosecuting this matter in Montana while there is another forum
> that would be appropriate and to which the case could be transferred.

Order 9 [Docket Entry #11].  The Montana district court also found that "Montana [was] no

different than any other potential loan location and not a location of [Defendants'] choosing."

*Id.* at 8.

As the Montana district court recognized, Texas has an interest in regulating attorneys

that are licensed in, and do business within, its borders.  The legal duties of a Texas attorney are

defined by Texas law, and application of Texas law protects the parties' justified expectations

and provides certainty, predictability, and uniformity of result to litigants in  matters related to

the professional negligence claim.  *See Lam v. Thompson & Knight, LLP*, 2003 WL 22220666, at

*3 (N.D. Tex. Sept. 25, 2003) (holding, in an attorney malpractice case considering similar

contacts, that Texas law should apply because Texas was the attorney's place of business, the

site of the attorney-client relationship, and the place from which services were rendered).  In

addition, acceptance of Plaintiff's argument that Montana law should apply because the property

was located in Montana, "could result in litigation in any one or all 50 states, simply based on

where Plaintiff decides to extend a loan."  Defs.' Reply 5.

8

Plaintiff argues that Montana law applies by virtue of a choice-of-law clause in the loan agreement. The Court rejects this argument. The loan agreement was between Plaintiff and Blue Vault. Defendants did not sign the loan agreement, were not named in the loan agreement, and were not parties to the loan transaction. As such, the Montana choice-of-law provision in the loan agreement is not binding on Defendants, and entitled to little, if any, weight.

Finally, the Court rejects Plaintiff's argument that this Court, as the transferee court, must apply the law of the transferor state, Montana. *See* Pl.'s Resp. 5-6. Under the Supreme Court's ruling in *Van Dusen v. Barrack,* when a case is transferred from one federal district court to another under 28 U.S.C. § 1404(a), the transferee court must follow the choice-of-law rules that prevailed in the transferor court. *Van Dusen v. Barrack,* 376 U.S. 612, 639 (1964). The rule of *Van Dusen*, however, is not applicable to every transfer between district courts. The transfer of this action was under 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and *the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred* on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C.A. § 1631; *see generally* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3846 (4th ed. 2014) (noting that the holding in *Van Dusen,* that the transferee court in a diversity of citizenship case applies the choice-of-law rules that the transferor court would have applied, should not apply when case is transferred from a transferor court that lacked personal jurisdiction); *see also Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1110 (5th Cir. 1981) ("[W]e hold that following a section 1404(a) transfer from a district

in which personal jurisdiction over the defendant could not be obtained, *the transferee court must apply the choice of law rules of the state in which it sits*, regardless of which party requested the transfer.") (emphasis added).  Because the district court in Montana transferred this action to this Court under 28 U.S.C. § 1631, the Court will apply Texas's choice-of-law rules, rather than those the transferor court would have applied.

### C.      CPRC § 33.004(a)

When a defendant has moved for leave to designate a responsible third party, a plaintiff may object.  Tex. Civ. Prac. & Rem. Code § 33.004(f).  Once the plaintiff objects, the court must grant leave to designate the person as a responsible third party "unless the objecting party establishes: (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant [still] failed to plead sufficient facts." *Id.* § 33.004(g).

Plaintiff, the objecting party here, has failed to make the showing required by Section 33.004(g).  As Defendants correctly note in their reply brief, Plaintiff's response to Defendants' Motion "fails to address the sufficiency of any of the facts relied on by Defendants in support of the [Responsible Third Parties'] Motion."  Reply 10 [Docket Entry #30].  Accordingly, Erika Mae Brown and TJS Investment Properties, LLC are hereby designated as responsible third parties under § 33.004.

IV.     **CONCLUSION**

For the reasons stated above, Defendants' Motion for Leave to Designate Responsible Third Parties is **GRANTED**.

**SO ORDERED.**

**August 4, 2016.**

_____

**BARBARA M. G. LYNN**
**CHIEF JUDGE**

11